IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOEL DAVIS, #2413505 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv590 |
| | § | |
| OFFICER HELMS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Officer Helms' Motion to Dismiss (Dkt. #21) (the "Motion to Dismiss"). *Pro se* Plaintiff Joel Davis ("Plaintiff") filed a response. (Dkt. #23). For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. #21) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

**I.   BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Officer Helms. (Dkt. ##1, 4). Plaintiff's Complaint asserts Officer Helms "wrongfully arrest[ed]" him, causing Plaintiff mental anguish and emotional distress. (Dkt. #1, p. 3). In the Statement of Claim, Plaintiff specifically alleges:

> June 20th 2022 around 8pm I was a passenger of a friend's vehicle while wearing a Covid mask. Officer Helms stopped the vehicle. Him and the Seargeant both came to the passenger side of the vehicle asking for my ID. Texas is not a "stop and ID" State. They claimed to have stopped me for my friend's "Tag light was too bright." They threatened to mace me and break the window if I didn't give them my ID.

(Dkt. #1, p. 4).[1] As relief, Plaintiff seeks monetary damages. (Dkt. #1, p. 4).

---

[1] Plaintiff's Complaint does not include any allegations related to his arrest, including the reasons for his arrest. The online state court records indicate the following: Plaintiff had been convicted of multiple offenses and was on probation (community supervision) prior to the June 20, 2022 traffic stop; motions to revoke Plaintiff's probation and warrants associated with the motions to revoke were issued prior to the June 20, 2022 traffic stop; on June 20, 2022, warrants were served on Plaintiff and amended motions to revoke Plaintiff's community supervision were filed; and on or about August 31, 2022, Plaintiff's community supervision was revoked and he was sentenced to confinement in the Texas Department of Criminal Justice ("TDCJ"). Additionally, information obtained from the TDCJ website reflects Plaintiff is currently housed at the Clements Unit and was denied parole on February 21, 2023. *See*

1

On April 10, 2023, Officer Helms moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff's claims should be dismissed because Plaintiff has failed to allege facts demonstrating Officer Helms violated Plaintiff's Fourth Amendment rights and because Officer Helms is entitled to qualified immunity. (Dkt. #21). Plaintiff filed a response, urging the traffic stop was unlawful because it was based on his friend's vehicle's license plate light being "too bright" and complaining Officer Helms asked Plaintiff for identification during the traffic stop and then threatened to break Plaintiff's window and "mace/taze" him if he did not exit the vehicle.[2] (Dkt. #23).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw

---

https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=18795248. The reasons for parole denial include: criminal history and predisposition to commit criminal acts upon release; excessive substance use involvement; and unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in confinement, including parole-in-absentia. *See id.*

[2] Plaintiff's response does not include any further allegations related to his arrest, including the reasons for his arrest.

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, any document attached to the motion to dismiss that is central to the claim and referenced by the complaint, and any facts subject to judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court is also mindful it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

"Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under § 1983, "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241

(5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

While unclear from Plaintiff's Complaint, it appears Plaintiff is asserting claims against Officer Helms in his individual capacity.[3] *See generally* Dkt. 1. Plaintiff is complaining Officer Helms acted unreasonably in stopping the vehicle in which Plaintiff was a passenger based on the vehicle's tag lights being "too bright," and, during the traffic stop, Plaintiff was asked for identification and threatened[4] with mace if he did not comply. (Dkt. #1, p. 4). Liberally construed, Plaintiff's Compliant asserts Fourth Amendment claims.[5]

### A. **Fourth Amendment Claims**

The Fourth Amendment protects individuals from "unreasonable" searches and seizures. U.S. Const. amend. IV.[6] A traffic stop constitutes a seizure under the Fourth Amendment. *Brendlin v. California*, 551 U.S. 249, 255 (2007). Whether that seizure was constitutionally valid is determined under the standards set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). Under *Terry*, such a

---

[3] When a plaintiff brings suit against a government official in their official capacity, the plaintiff in effect brings suit against the entity the official represents. *See Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 623 (W.D. La. 2013) ("A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents.") (internal quotation marks and citation omitted). "A municipality may incur § 1983 liability for its employees' acts when a municipal policy of hiring or training causes those acts" and the plaintiff shows "(1) that the training or hiring procedures of the municipality's policymaker were inadequate; (2) that the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) that the inadequate hiring or training policy directly caused the plaintiff's injury." *Id.* at 622 (citations omitted). Plaintiff makes no allegation as to training or hiring, deliberate indifference in adopting the hiring or training policy, or that such a policy caused Plaintiff's injuries. *See generally* Dkt. 1.

[4] Plaintiff does not state an excessive force claim; he only alleges Officer Helms threatened him. The mere use of words by police officers, even if violent or threatening, does not amount to a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (custodial official's threats do not amount to a constitutional violation).

[5] To the extent Plaintiff's claims implicate the validity of his community supervision revocation or confinement, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applied *Heck* to a § 1983 claim that would, if successful, imply the invalidity of the revocation of plaintiff's probation and parole).

[6] Officer Helms is a state actor; therefore, the Fourth Amendment is applicable to him through the Due Process Clause of the Fourteenth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 8 (1968).

seizure is reasonable under the Fourth Amendment if the detaining officer can identify "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the seizure. 392 U.S. at 21.

Generally, the scope of the stop must be reasonably related to those circumstances that justified the stop in the first place. *See United States v. Santiago*, 310 F.3d 336, 341 (5th Cir. 2002) (citing *Terry*, 392 U.S. at 19-20). Under Fifth Circuit case law, a police officer acts within the permissible scope of a routine traffic stop when he or she requests the driver's license and vehicle registration or rental papers and runs a computer check on those documents. *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004). An officer may also seek to identify and run computer checks on passengers and ask questions about the purpose and itinerary of the trip or ask questions on subjects completely unrelated to the circumstances that caused the stop if such questions do not extend the stop's duration. *United States v. Pack*, 612 F.3d 341, 350-51 (5th Cir. 2010), *opinion modified on other grounds*, 622 F.3d 383 (5th Cir. 2010); *see also United States v. Alvarez*, 837 F. App'x 296, 299 (5th Cir. 2020). "If the officer develops reasonable suspicion of additional criminal activity during his investigation of the circumstances that originally caused the stop, he may further detain [the vehicle's] occupants for a reasonable time while appropriately attempting to dispel this reasonable suspicion." *Id.* at 350.

Furthermore, the Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause. *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Turner v. Lieutenant Driver*, 848 F.3d 678, 694 (5th Cir. 2017) (citations omitted).

Here, Plaintiff's Complaint fails to state a claim for relief against Officer Helms for violations of the Fourth Amendment. Plaintiff alleges Officer Helms stopped a vehicle in which Plaintiff was a passenger because the vehicle had a tag light that was too bright. An officer's reasonable suspicion that there is a traffic violation is an appropriate basis for stopping a vehicle. *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005) ("For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle."). Officer Helm's stated reason for the initial stop of the vehicle—an improperly illuminated license plate (as required by Texas law)—gave Officer Helms a specific, articulable basis for stopping the vehicle. *See, e.g.*, *United States v. Cabello*, 92 F. App'x 983, 984 (5th Cir. 2004) ("The initial traffic stop was valid because the vehicle in which [the defendant] was riding did not have a properly illuminated license plate as required by Texas law, thus giving the officer a specific, articulable basis for stopping the vehicle." (emphasis added)). Thus, Plaintiff's Complaint fails to state a Fourth Amendment claim based on the initial traffic stop.

Plaintiff's unlawful detention claim appears to be based on his allegation that Officer Helms asked for his identification during the traffic stop even though "Texas is not a 'stop and ID' State." (Dkt. #1, p. 4). As discussed above, however, an officer may identify and run computer checks on passengers of a vehicle during a traffic stop. Therefore, Officer Helms did not unlawfully detain Plaintiff by asking for his identification during the traffic stop.

Finally, Plaintiff fails to plead facts showing Officer Helms unlawfully arrested him. Plaintiff's Complaint and response contain no allegations relating to his arrest, including the reasons for his arrest. In any event, the online state court records indicate warrants associated with motions to revoke Plaintiff's community supervision had been issued prior to the traffic stop.

Because Plaintiff fails to plead facts showing Officer Helms arrested Plaintiff without a warrant or without probable cause, Plaintiff cannot state a Fourth Amendment claim for unlawful arrest.

Accordingly, Plaintiff's Fourth Amendment claims against Officer Helms should be dismissed with prejudice for failure to state a claim.

**B. Qualified Immunity**

Officer Helms also argues he is immune from liability under the doctrine of qualified immunity. (Dkt. #21, pp. 6-7).

If qualified immunity is raised as a defense, the burden shifts to the plaintiff to plead specific facts to overcome the defense. *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)). To defeat qualified immunity at the pleading stage, the plaintiff must allege facts showing: (1) the defendant violated the plaintiff's constitutional rights; and (2) the right was clearly established at the time of the alleged conduct. *Id.*; *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019) (citing *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017)). A right is clearly established if the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Terwilliger*, 4 F.4th at 284 (quoting *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004)). If the right was clearly established, the Court must decide whether the defendant's actions were objectively reasonable in light of the clearly established law. *See Gates*, 537 F.3d at 419.

As explained above, Plaintiff has failed to plead facts showing Officer Helms' conduct violated clearly established law and constituted a constitutional violation. Thus, Officer Helms is also entitled to qualified immunity on Plaintiff's Fourth Amendment claims.

### C. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay, bad faith or dilatory motive on the plaintiff's part, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.*

Here, Plaintiff has provided no indication he would be able to cure the pleading deficiencies identified herein if he were allowed to amend his Complaint. Moreover, when the plaintiff makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). Under these circumstances, the Court finds granting Plaintiff leave to amend would be futile, would unnecessarily delay these proceedings, and would prejudice Officer Helms, who has already filed a motion to dismiss and would likely file a second motion to dismiss if an amended complaint were filed.

### D. Strike under 28 U.S.C. § 1915(g)

Under the PLRA, an inmate may not file any lawsuit or appeal *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

8

physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of Plaintiff's claims in this case for failing to state a claim upon which relief may be granted, it is further recommended Plaintiff be advised this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates he is in imminent danger of serious physical injury.

## IV.  RECOMMENDATION

For the reasons set forth above, the Court recommends the Motion to Dismiss (Dkt. #21) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**. The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 9th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE